# THE LAW OFFICE of NOOR A. SAAB, ESQ.

380 North Broadway, Penthouse West
Jericho, New York 11753
Tel: 718-740-5060 * Fax: 718-709-5912
Email: NoorASaabLaw@Gmail.com

By **August 26, 2023**, Plaintiff shall file a further status letter on ECF. Such letter shall describe his efforts to provide actual notice to Defendant of this lawsuit and any communications between the parties. Plaintiff is apprised that because Defendant has contacted chambers regarding this matter, as described in the order issued August 24, 2023, a default judgment is disfavored. The August 26, 2023, letter may include a request for further adjournment of the initial pretrial conference scheduled for August 28, 2023. So Ordered.

Dated: August 24, 2023
New York, New York

*[Signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:   Felix Castro v. Success, Inc.; Case No 1:23-cv-03626-LGS

To the Honorable Judge Schofield,

The Plaintiff submits this joint letter and proposed case management plan in advance of the August 30,2023, Initial Conference. Noor A. Saab, Esq. is representing the Plaintiff and the Defendant has not appeared. Plaintiff intends on filing a request for a certificate of default prior to the initial pre trial conference.

1. Nature of the Case

Plaintiff:   This lawsuit concerns whether Defendant is violating the Americans with Disabilities Act and the New York City Human Rights Law (collectively, the "ADA") by not making their website equally accessible to the visually impaired. Defendant owns and operates the website www.majorkeyclothingshop.com, which Plaintiff maintains does not provide reasonable accommodations under the ADA. Plaintiff is blind and cannot use a computer without the assistance of screen-reading software. Defendant's website is, however, not adequately designed to be read by screen-reading software. Because of this, Plaintiff encountered multiple barriers that denied him access to the website equal to sighted individuals. In his Complaint, Plaintiff asserts that Defendant's website is a "place of public accommodation" under the ADA. He further asserts Defendant is violating these statutes by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment of the goods and services of the website.

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co*., 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there

offered cannot be denied on the basis of disability. *Id*. at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access but

is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability.").

Defendant:   Non-appearance by Defendant.

Statement Regarding Subject Matter Jurisdiction and Venue

Plaintiff:   This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff visited the website in this district (in Bronx County), the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

Defendant: Non-appearance by Defendant.

4. Motions

Plaintiff:   Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification.

Defendant:   Non-appearance by Defendant.

5. Discovery Exchanged

   None at this time

6. Computation of Damages

   Plaintiff:  Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to the plaintiff and the proposed subclasses for violations of their rights under the NYCHRL

7. Status of Settlement Discussions

   Non-appearance by Defendant.

                                                         Respectfully submitted,

                                                         /s/ *Noor A. Saab*
                                                          Attorney for the Plaintiff